UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY BRADFORD,<br><br>            Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>            Defendant. | CV 15-9550-AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on December 10, 2015. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 12, 13.) On June 19, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# **PROCEDURAL BACKGROUND**

On July 10, 2012, Bradford filed applications for disability insurance benefits and supplemental security income, and alleged an onset date of July 1, 2011. Administrative Record ("AR") 25. The applications were denied initially and on reconsideration. AR 25, 68-69, 96-97. Bradford requested a hearing before an Administrative Law Judge ("ALJ"). On June 9, 2014, the ALJ conducted a hearing at which Bradford and a vocational expert testified. AR 40-67.

On July 11, 2014, the ALJ issued a decision denying benefits. AR 22-34. On September 30, 2015, the Appeals Council denied the request for review. AR 12-17. This action followed.

# II.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

The ALJ found that Bradford met the insured status requirements through December 31, 2013. AR 27. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Bradford had the severe impairments of degenerative disc disease of the lumbar and cervical spine; bilateral carpal tunnel syndrome; and obesity. AR 27.

The ALJ found that Bradford had the residual functional capacity ("RFC") to perform light work except that she was limited to sitting, standing and/or walking up to six hours in an eight-hour workday; frequent climbing of ramps and stairs, balancing and kneeling; occasional stooping and crawling; and frequent handling and fingering. She was precluded from climbing ladders, ropes or scaffolds. AR 29. She was unable to perform past relevant work, but there were jobs that exist in significant numbers in the national economy that she could perform such as companion, cashier II and cafeteria attendant. AR 32-34.

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

### C. Examining Physician

Bradford received an orthopedic evaluation at Cherry Medical Clinic on October 9, 2012. The report in the Administrative Record is missing the signature page. AR 320-25. Bradford contends that this report may not be considered as information from an acceptable medical source because there is no evidence it comes from a licensed physician. 20 C.F.R. §§ 404.1502(d) (medical source means "individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law"), 416.902(i) (same). Instead, the report may be considered only as information from other sources. *Id.* §§ 404.1502(e), 416.902(j).

The unknown orthopedic examiner opined that Bradford was capable of medium work and had no limitations as to kneeling, climbing and fine manipulative activity with the left hand. She was limited to frequent gripping and fine manipulative activity with the right hand. AR 325.

The ALJ found that the orthopedic evaluation was "not as consistent with, and supported by the objective medical evidence of record." AR 32. In contrast to the orthopedic examination, the ALJ found that Bradford was limited to light work; frequent climbing of ramps and stairs, balancing and kneeling; occasional stooping and crawling; and frequent handling and fingering. She was precluded from climbing ladders, ropes or scaffolds. AR 29. In making this assessment, the ALJ gave "significant weight" to the state agency physical assessments that Bradford was capable of light work with certain restrictions on climbing and kneeling. AR 32, 108-09, 125-26. Bradford argues that the state agency physicians reviewed the orthopedic evaluation. However, they also reviewed her treating records and, as Bradford concedes, the orthopedic evaluation could be considered as information from an "other source." The ALJ did not error. Alternatively, any error was harmless because it is clearly inconsequential to the ultimate disability determination. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011).

**D.     Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found that Bradford's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  AR 32.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted).  "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ found that Bradford's statements were "not entirely credible."  AR 32.  The ALJ relied primarily on five reasons:  (1) the objective medical evidence; (2) inconsistent statements; (3) daily activities inconsistent with her statements; (4) conservative treatment; and (5) she stopped working because she was laid off.

The ALJ's analysis of the objective medical evidence is supported by substantial evidence, although the ALJ may not rely on this reason alone.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  An MRI of the cervical spine in June 2014 indicated

mild degenerative changes with no significant spinal stenosis, up to mild neural foraminal stenosis and no abnormality of the spinal cord. AR 408-09. X-rays of the cervical spine in March 2014 showed straightened lordosis, likely secondary to muscle spasm, with minimal degenerative changes at C6. AR 388. The thoracic spine was normal. AR 390. An MRI of the lumbar spine on July 1, 2014 also indicated mild degenerative changes.[2] AR 405. Bradford had mild curvature and mild loss of disk hydration at L2-L3 and L4-L5. Vertebral body heights were maintained, bone marrow was within normal limits and there was no abnormality of the spinal cord. Paravertebral and paraspinous tissues were unremarkable. AR 407. There was mild bilateral neural foraminal narrowing at L1-L2 to L3-L4 with no disk bulge or spinal stenosis. There was mild disk protrusion and mild bilateral neural foraminal narrowing at L4-L5 with no spinal stenosis. There was mild facet arthropathy at L5-S1 with no disk bulge, no spinal stenosis and no neural foraminal narrowing. AR 405. X-rays of the lumbar spine in March 2014 showed minimal degenerative changes at L3-L4. However, the report noted metallic foreign bodies over the sacrum and small pelvis, likely representing surgical material. AR 389. An EMG and Nerve Conduction Study in November 2011 indicated mild to moderate right carpal tunnel syndrome. AR 284. In March 2014, her right hand grip was +4/5 and her left hand grip was +3/5. Her neck was within normal limits and supple. AR 383. The left shoulder was normal in June 2010. AR 392.

The ALJ noted that medical records indicate Bradford has no problem with ambulation. AR 32. The ALJ's interpretation is supported by substantial evidence. AR 283 (noting intact gait and station), 327 (noting normal gait, normal posture and walk into exam room without assistive device); *see also* AR 322 (noting Bradford has normal

---

[2] The Appeals Council made the exhibit a part of the record. AR 17. The reviewing court's role is "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r*, 659 F.3d 1228, 1232 (9th Cir. 2011). The reviewing court considers both the ALJ's decision and the additional material submitted to the Appeals Council. *Brewes v. Comm'r*, 682 F.3d 1157, 1163 (9th Cir. 2012).

posture while sitting and standing, rises from chair without difficulty and has normal gait although she cannot walk on heels and toes). The ALJ could discount Bradford's testimony that she walks with a cane. AR 57.

The ALJ inferred from inconsistencies in Bradford's statements that her statements were not entirely reliable. AR 32. An ALJ may consider inconsistencies in a claimant's statements when evaluating credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). The ALJ's reason is supported by substantial evidence. At the hearing, Bradford testified that she has a driver's license and drives occasionally. AR 46-47, 52. On the other hand, in her disability statement, she stated that she does not drive a car. AR 221. According to the medical records, Bradford reported on September 28 that she had 75% relief from a cervical epidural (AR 361), but told the orthopedic examiner on October 9 that she had only minimal relief (AR 325).

The ALJ also relied on Bradford's report that she stopped working in December 2010 because she was laid off. AR 32, 207. This is an appropriate consideration. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Because Bradford alleges an onset date of July 1, 2011, this factor is not alone persuasive.

An ALJ may rely on daily activities that are inconsistent with the subjective allegations of disability. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). The ALJ relied on Bradford's testimony that she drove occasionally and went shopping. AR 32, 52. The ALJ could reasonably infer that these activities were inconsistent with Bradford's allegations as to the degree of her inability to use her hands or lift more than a book. AR 57.

The ALJ's reliance on conservative treatment is not supported by substantial evidence. The Ninth Circuit has expressed doubt that an epidural shot qualifies as conservative treatment. *Garrison v. Colvin*, 759 F.3d 995, 1015 n.20 (9th Cir. 2014).

Moreover, Bradford is prescribed strong medications such as MS Contin. Although the ALJ erred in relying on this reason, remand is not warranted. In *Carmickle v. Comm'r*, 533 F.3d 1155 (9th Cir. 2007), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid. When an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and* ultimate credibility determination." *Id.* at 1162 (italics in original). Reliance on an illegitimate reason(s) among others does not automatically result in a remand. *See Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004). In light of the ALJ's valid reasons for discounting Bradford's credibility and the record as a whole, substantial evidence supported the ALJ's credibility finding. *See Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009).

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: June 27, 2017

ALICIA G. ROSENBERG
United States Magistrate Judge